## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATE CRUMRINE,<br><br>                 Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT<br>BUREAU, LLC,<br><br>and<br><br>John Does 1-10,<br><br>and<br><br>XYZ Corporation,<br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

                                        **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, Defendant MERCANTILE ADJUSTMENT BUREAU, LLC ("MAB"), by its attorney, hereby removes this action from the Court of Common Pleas, Montgomery County to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Defendant states as follows:

1.     Plaintiff Kate Crumrine originally commenced this action by filing a Complaint against Defendant in the Court of Common Pleas, Montgomery County, where it is presently captioned as *Kate Crumrine vs. Mercentile Adjustment Bureau, LLC*, Civil Action No.: 2012-08815. No further proceedings before the State court have occurred.

2.     In the Complaint, plaintiff alleges statutory causes of action against Defendant. A true and correct copy of Plaintiff's Complaint is attached hereto as Ex. "A."

3.     Plaintiff accuses Defendant of violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq. Id.*

4.    Defendant was served with Plaintiff's Summons and Complaint on or about May 1, 2012.

5.    This Court has federal question jurisdiction over Plaintiffs' claim pursuant to 28 U.S.C. §§ 1331 and 1441(b) in that the claims are "founded on a claim or right arising under the . . . laws of the United States . . ."

6.    This Notice of Removal is timely, having been filed within thirty (30) days of the date on which the Defendant was served with Plaintiffs' Complaint. *See* 28 U.S.C. § 1446.

7.    Written notice of this Notice of Removal of this action is being immediately provided to the Court of Common Pleas, Montgomery County. *See* Ex. "B."

8.    Written notice of this Notice of Removal of this action is being caused to be served on the Plaintiffs.

WHEREFORE, Defendant Mercantile Adjustment Bureau, LLC gives notice that this action is removed from the Court of Common Pleas, Montgomery County to the United States District Court for the Eastern District of Pennsylvania.

Dated:  May 16, 2012

Respectfully submitted,

Ross S. Enders, Esq. (89840)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax: (908) 751-5944
renders@sessions-law.biz
Attorney for Defendant
Mercantile Adjustment Bureau, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2012 a copy of the foregoing **Notice of Removal** was sent via Federal Express to the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, and via regular mail to plaintiff's counsel at the below address:

Clerk of the Court
United States District Court
Eastern District Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Vicki Piontek, Esq. (83559)
951 Allentown Road
Lansdale, PA 19446
Tel: (877) 737-8617
Fax: (866) 408-6735
Email: palaw@justice.com
Attorney for Plaintiff
Kate Crumrine

By: _____
Ross S. Enders, Esq.
Attorney for Defendant
Mercantile Adjustment Bureau, LLC

4

EXHIBIT "A"

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA.
IN THE COURT OF COMMON PLEAS COURT
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW 16  AM 5: 03



Kate Crumrine
25 Haws Lane
Flourtown, PA  19031

        Plaintiff

Vs.

Mercantile Adjustment Bureau, LLC
6390 Main Street
Williamsville, NY 14221
and
John Does 1-10
and
XYZ Corporations

        Defendant

2012-08815

Jury Trial Demanded

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
Norristown, PA 19401
(610) 279-9660, Extension 201



RECEIVED

MAY 1  2012

MAB

IN THE COURT OF COMMON PLEASE OF
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

MAIL RECEIVED
PROTHONOTARY
MONTGOMERY COUNTY
2012 APR 16  A 8: 40

Kate Crumrine
25 Haws Lane
Flourtown, PA  19031

           Plaintiff    :

Vs.    :    2012-08815

Mercantile Adjustment Bureau, LLC  :
6390 Main Street  :
Williamsville, NY 14221  :
and  :
John Does 1-10  :
and  :
XYZ Corporations  :  Jury Trial Demanded
  :
         Defendant   :

# **COMPLAINT**

## **INTRODUCTION**

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

   alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

   (hereinafter "FDCPA").

RECEIVED

MAY 1  2012



2012-08815-0002
4 16 2012 12:14:01 PM
Complaint In
Receipt # Z1501351  Fee  $0.00
Mark Levy - Montgomery County Prothonotary



## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

RECEIVED

MAY 1  2012

MA℠

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Kate Crumrine, an adult individual with a current address of 25 Haws, Flourtown, PA 19031.

8. Defendant is Mercantile Adjustment Bureau, LLC, business entity engaged in the practice of debt collection throughout the United States, with a business address including but not limited to 6390 Main Street, Williamsville, NY 14221.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

RECEIVED

MAY 1 2012

MAB

**COUNT ONE: Violation of Fair Debt Collection Practices Act**
**15 USC 1692 et. seq.**
**Failure to Make Required Disclosures in a Communication**

11. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

12. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. seq.

13. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

14. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

15. Within the applicable statute of limitations, prior to the commencement of this action, in the Year of Our Lord, 2012, Defendant contacted Plaintiff by telephone and left one or more voice messages which read substantially as follows.

> *"Ah, yes. This message is intended for Kate Crumrine. This is Mark calling from the legal department of Mercantile Bureau. This is in regards to a civil case that has been filed. We need to hear from you. 866-851-0083, extension 8226. Thank you.*



*"Yes, Kate Crumrine, this is Mark Vogel [inaudible] with Mercantile, the Adjustment Bureau. It is very important that you get back to me at 866-851-0083, extension 8226. Again, there is a suit pending against you. Contact me at 866-851-0083, extension 8226. "*

RECEIVED

MAY 1 2012

MAB

16. The above referenced voice message(s) was / were a communication as defined by 15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006. See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading communications, and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

18. Every telephone message left by a debt collector must give meaningful disclosure of the debt collector's identity, as well as state that the purpose of the call is to collect a debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.  See GRYZBOWSKI v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

19. The above referenced message(s) violated the FDCPA for reasons including but not limited to the following.

    a.    The telephone call was placed without disclosure that the call was from a debt collector.

    b.    The telephone call was placed without meaningful of the nature or purpose of the call.

    c.    The call(s) was placed without meaningful disclosure of the identity of the debt collector.  In one of the message(s), improper name variations were given by the Defendant.


RECEIVED

MAY 1 2012

MAF

**COUNT TWO: Violation of Fair Debt Collection Practices Act**
**15 USC 1692 et. seq.**
**False Threats or Implications of Legal Action**

20. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

21. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

22. Defendant(s) is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

23. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

24. Within the applicable statute of limitations, in the Year of Our Lord 2012, Defendant(s) or its designated employee, agent or representative contacted Plaintiff by telephone and left the aforementioned voice messages.

25. Said voicemail messages implied that legal action had been commenced against Plaintiff regarding the consumer account that Defendant was attempting to collect from Plaintiff.


RECEIVED

MAY 1 2012

26. It is believed and averred that no such legal action on the account that was the subject of Defendant(s) collection activity against Plaintiff had ever been commenced.

27. It is believed and averred that Defendant(s) threats or implications of legal action on the consumer account that Defendant(s) was attempting to collect from Plaintiff were wholly false and misleading

28. It is believed and averred that Defendant(s) threats or implications of legal action on the consumer account that Defendant(s) was attempting to collect from Plaintiff were designed to harass and intimidate the Plaintiff.

29. It is believed and averred that Defendant(s) threats or implications of legal action on the consumer account that Defendant(s) was attempting to collect from Plaintiff were designed coerce a payment from the Plaintiff.

30. Defendant(s) engaged in unlawful debt collection activity by making false and / or misleading threats of litigation to Plaintiff in violation of 15 USC 1692 e, et. seq.



## LIABILITY

31. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

32. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

33. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

34. Any mistake made by Defendant would have included a mistake of law.

35. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.



RECEIVED

MAY 1 2012

## DAMAGES

36. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

37. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

38. Plaintiff is an affected party of Defendant's illegal collection activity, and therefore requests $1,000.00 statutory damages for each additional Plaintiff under the FDCPA 15 USC 1692k.

39. Plaintiff suffered frustration, confusion and emotional distress as a result of Defendant's illegal collection activity.

40. Plaintiff believes and avers that such frustration, confusion and emotional distress has a Dollar value to be proven at trial.



RECEIVED

MAY 1 2012

## ATTORNEY FEES

41. All previous paragraphs of this complaint are incorporated by reference and made a part
   of this complaint.

42. Attorney fees of $1,925.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Round trip travel to client's house | 1.5 |
| b. | Consultation with client in person, by mail and by phone | 1 |
| c. | Drafting, editing, review, filing and serving Complaint and related documents | 1 |
| d. | Follow up with Defendant | 2 |

5.5 x $350 = $1,925

43. Plaintiff's attorney fees continue to accrue as the case move forward.

44. The above stated attorney fees are for prosecuting this matter and reasonable follow up.


RECEIVED

MAY 1  2012

## OTHER RELIEF

45. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

46. Plaintiff seeks injunctive relief barring further unlawful collection activity.

47. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

48. Plaintiff requests / demands a jury trial in this matter.

RECEIVED

MAY 1   20

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $27,926.00 enumerated below.  Plaintiff seeks such other relief as the Court deems just and proper.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,925.00 attorney fees

$25,000 emotional distress

_____

$27,926.00

_____   4•11-20/2
Vicki Piontek, Esquire      Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

RECEIVED

MAY 1  2012

IN THE COURT OF COMMON PLEASE OF
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

Kate Crumrine
25 Haws Lane
Flourtown, PA  19031

                Plaintiff

Vs.

Mercantile Adjustment Bureau, LLC
6390 Main Street
Williamsville, NY 14221
and
John Does 1-10
and
XYZ Corporations

                Defendant

Jury Trial Demanded

## VERIFICATION

I, Kate Crumrine, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

_____    4/5/12
Kate Crumrine         Date

RECEIVED

MAY 1 2012

MAB

EXHIBIT "B"

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5940
Fax:    (908) 751-5944
Attorneys for Defendant, Mercantile Adjustment Bureau, LLC

|  |  |  |
|---|---|---|
| KATE CRUMRINE,<br><br>               Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT<br>BUREAU, LLC,<br><br>and<br><br>John Does 1-10,<br><br>and<br><br>XYZ Corporation,<br><br>               Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **COURT OF COMMON PLEAS<br>COUNTY OF MONTGOMERY<br>COMMONWEALTH OF PENNSYLVANIA<br>CIVIL ACTION-LAW**<br><br>**Case No.: 2012-08815**<br><br>**NOTICE OF FILING OF<br>NOTICE OF REMOVAL TO THE<br>UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF<br>PENNSYLVANIA** |

TO:   Clerk of the Court
      United States District Court
      Eastern District Pennsylvania
      601 Market Street, Room 2609
      Philadelphia, PA 19106-1797

      Prothonotary Office
      Court of Common Pleas
      Montgomery County Courthouse
      Sweed and Airy Streets
      P.O. Box 311
      Norristown, PA 19404-0311

      Vicki Piontek, Esq. (83559)
      951 Allentown Road
      Lansdale, PA 19446
      Tel: (877) 737-8617
      Fax: (866) 408-6735
      Email: palaw@justice.com
      Attorney for Plaintiff
      Kate Crumrine

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Eastern District of Pennsylvania.  Attached hereto as Exhibit "1" is a copy of the Notice of Removal filed in the United States District Court effecting such removal.

PLEASE TAKE FURTHER NOTICE that in accordance with 28 U.S.C. § 1446(d), the Court of Common Pleas, County of Montgomery, Commonwealth of Pennsylvania, shall proceed no further in this action unless and until the action is remanded by the United States District Court for the Eastern District of Pennsylvania.

Dated:  May 16, 2012

Respectfully submitted,

Ross S. Enders, Esq. (89840)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5941
Fax: (908) 751-5944
renders@sessions-law.biz
Attorney for Defendant
Mercantile Adjustment Bureau, LLC

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2012 a copy of the foregoing **Notice of Filing of Notice of Removal to the United States District Court for the Eastern District of Pennsylvania** was served by Federal Express upon the Clerk of the Court and via regular mail upon counsel for plaintiff:

Clerk of the Court
United States District Court
Eastern District Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Prothonotary Office
Court of Common Pleas
Montgomery County Courthouse
Sweed and Airy Streets
P.O. Box 311
Norristown, PA 19404-0311

Vicki Piontek, Esq. (83559)
951 Allentown Road
Lansdale, PA 19446
Tel: (877) 737-8617
Fax: (866) 408-6735
Email: palaw@justice.com
Attorney for Plaintiff
Kate Crumrine

By: _____
Ross S. Enders, Esq.
Attorney for Defendant
Mercantile Adjustment Bureau, LLC

3